UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| HASIBA SAMADI #A221-387-077 | CASE NO.  3:25-CV-01889 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN RICHWOOD CORRECTIONAL CENTER ET AL | MAG. JUDGE KAYLA D. MCCLUSKY |

MEMORANDUM ORDER

Pending before the Court is a Motion for Temporary Restraining Order ("TRO") [Doc. No. 3] and a Motion for Preliminary Injunction [Doc. No. 4] filed by *pro se* Petitioner, Hasiba Samadi. Respondents, U.S. Immigration & Customs Enforcement ("ICE"), Department of Homeland Security, Kristi Noem, Todd Lyons, and Melissa B. Harper *in their official capacities* (collectively "Respondents"), oppose both Motions [Doc. No. 11]. Petitioner filed a reply [Doc. No. 14]. After carefully considering Petitioner's filings and the applicable law, the Motions are **DENIED**.

I.    Background

Petitioner is an Afghanistan native and citizen.[1] She entered the United States on December 15, 2024, and has allegedly been detained by ICE since she entered into the United States.[2] On May 9, 2025, an Immigration Judge granted Petitioner's request for withholding her removal, pursuant to section 241(b)(3) of the Immigration Nationality Act, 8 U.S.C. § 1231(b)(3), after finding that Petitioner faces a threat of persecution if she is removed back to Afghanistan.[3]

---

[1] [Doc. No. 1-3, p. 68 at ¶ 3].
[2] [Id. at ¶ 4].
[3] [Id. at ¶ 5]; [Doc. No. 1-3, p. 3].

Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] ("Habeas Petition"), seeking release from detention arguing ICE held her in custody "for over six months" despite and after receiving the withholding of removal.[4] Petitioner alleges her continued detention violates 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001).[5] Petitioner also filed the pending Motions, seeking the same relief as her Habeas Petition.[6] Respondents oppose both Motions, arguing they are duplicative and improper vehicles to adjudicate the merits of the underlying Habeas Petition.[7]

The parties briefed all relevant issues, and the matter is ripe.

## II.    Law and Analysis

Federal courts may issue a TRO *ex parte* or after notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

Rule 65 also vests federal courts with the authority to issue preliminary injunctions. *See id.* But it does not say when courts may issue them. In *Winter v. Nat. Res. Def. Council, Inc.*, the Supreme Court laid a four-part test that lower courts must follow when considering whether to issue a preliminary injunction. 555 U.S. 7 (2008).

---

[4] [Doc. No. 5, p. 2].
[5] [Doc. No. 14, p. 1].
[6] [Doc. Nos. 3; 4].
[7] [Doc. No. 11, p. 1].

Parties "seeking a preliminary injunction must establish (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, *and* (4) that an injunction is in the public interest." *Id.* at 20 (citation modified).

The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.

Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. *Id.* at 193. That begs the question: what does it mean to preserve the status quo? The words "status quo" do not appear within Rule 65 or the *Winters* factors but seem implicit in the "irreparable harm" prong. Courts sometimes describe irreparable harm as those injuries, which "cannot be undone through monetary remedies." *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984) (citation omitted). But that is only one side of the coin. Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974); *see also* Samuel L. Bray, *The Purposes of the Preliminary Injunction*, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." *Callaway*, 489 F.2d at 573.

Here, Petitioner seeks the same relief in her underlying Habeas Petition and her Motions for preliminary relief—release from ICE custody.[8] Liberty is inarguably the most paramount natural right. And true, the Fifth Circuit has held even momentary loss of a right constitutes irreparable injury. *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 295 (5th Cir. 2012) (citation omitted) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). But context matters. In *Opulent Life Church*, the plaintiff leased property for a new church but was denied a renovation permit by the defendants. *Id.* at 283. In finding the defendant's act caused irreparable harm, the Fifth Circuit noted that the plaintiff "will lose its lease if it is not allowed to operate in its leased property." *Id.* at 297. So, a final ruling on the merits is too little, too late. Again, the inquiry was whether something suggests a final ruling would not grant the plaintiff the prayed-for relief. *See Callaway*, 489 F.2d at 573.

Petitioner cannot show either that she faces imminent removal or the existence of something else that would make a favorable ruling on the Habeas Petition too little, too late. Petitioner's sole claim of irreparable harm or injury is that she faces health risks while detained, including "chest and heart pain, . . . intrusive fears, overwhelming anxiety, . . . and an untreated emergency dental condition," which is worsened by the food she gets.[9] While Petitioner has not attached supporting exhibits to either Motion, she has filed some medical records with her Habeas Petition.[10]

---

[8] [Doc. No. 3, p. 10]; [Doc. No. 4, p. 8].
[9] [Doc. No. 5, pp. 29–30].
[10] [Doc. No. 1-3, pp. 18–45].

Neither those exhibits nor Petitioner's briefs show how her continued detention would affect her health to the point where a final ruling on the merits would be too little, too late. The record shows a medical professional removed Petitioner's dental wire during a visit to the emergency room and thereafter classified Petitioner's condition as "stable."[11] Thus, her sole "emergency" condition appears to be resolved. As such, Petitioner cannot show irreparable harm or injury. So, her Motions fail.

Petitioner's reply brief cites several district court opinions granting preliminary relief that mirrors the relief sought in the underlying habeas petition.[12] The Court finds these decisions unpersuasive, especially since they clash with binding Fifth Circuit precedents such as *Callaway* and *Opulent Life Church*.

The Court recognizes that these findings may change. If Respondents' actions change Petitioner's circumstances such that the Court could not eventually redress Petitioner's claims, preliminary relief might be appropriate. But to accept Petitioner's argument that any unlawful detention warrants preliminary relief would circumvent the Congressionally-selected procedures set forth in the habeas statute, 28 U.S.C. § 2241. And this Court declines to take up that offer.

### III.    Conclusion

For these reasons,

---

[11] [Id. at p. 40].

[12] [Doc. No. 14, p. 2 (citing *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 38 (D.D.C. 2002); *Ali v. Ashcroft*, 213 F.R.D. 390, 396 (W.D. Wash. 2003), *aff'd* 346 F.3d 873 (9th Cir. 2003), *opinion withdrawn on denial of reh'g sub nom.*, *Ali v. Gonzales*, 421 F.3d 795 (9th Cir. 2005); *Chernykh v. Valdez*, No. 5:16-CV-2184, 2017 WL 3000013 (C.D. Cal. May 22, 2017))].

**IT IS ORDERED** that Petitioners Motion for a TRO [Doc. No. 3] and Motion for a Preliminary Injunction [Doc. No. 4] are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Habeas Petition [Doc. No. 1] is referred to the Magistrate Judge.

MONROE, LOUISIANA, this 17th day of December 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE